UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

vs.

JAMES FREDRICK DUBOSE,

        Defendant-Petitioner.
_____/

No. 14-20500

District Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Following his plea of guilty to Assault on a Foreign Official Using a Deadly and Dangerous Weapon, 18 U.S.C. §§ 112(a) and 2 (Count I), and Use and Carrying a Firearm During a Crime of Violence, 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count II), a Judgment in a Criminal Case was entered against Defendant James Fredrick Dubose on April 6, 2015, imposing 20 months imprisonment on Count I and 84 months on Count II, to be served consecutively. *Judgment* [Doc. #37]. Before the Court is Defendant's Motion to Vacate Sentence, filed under 28 U.S.C. § 2255 [Doc. #39], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

**I.    STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the

-1-

United States Constitution. "[A] defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir.1998) (internal quotation omitted); *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994). To prevail under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003). Congress and the Supreme Court have set the bar high for § 2255 petitioners. *See United States v. Frady,* 456 U.S. 152, 166 (1982) ("[T]o obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal").

## II.   DISCUSSION

Motions brought under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which runs from the latest of the four following events described in the statute as follows:

> "(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Defendant did not appeal his plea-based conviction. Therefore, his judgment of conviction became final on April 20, 2015, 14 days after judgment was entered.[1] The limitations period under § f(1) therefore expired one year later, on April 20, 2016. The government acknowledges that under the "prison mailbox rule," which provides that the date of filing is the date an inmate delivered the pleading into the prison mail system, the date of filing of this motion was June 10, 2016.[2] Therefore, the motion is untimely under § f(1).

Sections 2 and 4 are not applicable to this case. This brings us to § 3, the date on which the right asserted was initially recognized by the Supreme Court. Defendant contends that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was void for vagueness, is applicable to the residual clause of §

---

[1] The conviction became final after the time for appeal expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Under Fed.R.Cr.P. 4(b)(1)(A)(i), a notice of appeal must be filed within 14 days of entry of judgment in a criminal case.

[2] The Court received the motion on June 15, 2015.

924(c). The residual clause in the ACCA defined "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another." Where the charge is Use and Carrying a Firearm During a Crime of Violence under 18 U.S.C. § 924(c), the statute defines "crime of violence" as any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The Defendant argues that while the language of § 924(c)(3)(B) is not identical to that of residual clause of the ACCA, the reasoning of *Johnson* is applicable to the former.

In a supplemental pleading [Doc. #46], Defendant cites *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), where the Supreme Court held that 18 U.S.C. § 16(b), which defined "crime of violence" for purposes of determining whether a deportable alien had been previously convicted of an aggravated felony, was, under the reasoning of *Johnson*, unconstitutionally vague. The § 16(b) definition read , "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Defendant argues that as was the case with *Dimaya*, the Supreme Court's *Johnson* decision necessarily dictates that the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

Defendant's position has not been without some support. In *United States v. Jackson*, 865 F.3d 946, 954 (7th Cir. 2017), cert. granted, judgment vacated, 138 S. Ct. 1983 (2018), the Seventh Circuit held that § 924(c)(3)(B) was unconstitutionally vague.[3] The Supreme Court vacated the judgment and remanded for further consideration in light of *Dimaya*. The case is still pending in the Seventh Circuit.

Unfortunately for Defendant, the Sixth Circuit has held that the definition of "crime of violence" in § 924(c)(3)(B) is distinguishable from the residual clause of the ACCA, and that *Johnson* is inapplicable. *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), *rehearing en banc den.* May 9, 2016, *cert. den.* 138 S.Ct. 1975 (May 14, 2018). In *Taylor*, the Court held that "*Johnson* does not require reversal of Taylor's conviction, because several factors distinguish the [ACCA's] residual clause from § 924(c)(3)(B)." *Id.* at 376. In *Shuti v. Lynch*, 828 F.3d 440, 449-50 (6th Cir. 2016), the Sixth Circuit reaffirmed the reasoning of *Taylor*, stating,

> "[In *Taylor*], we held that 18 U.S.C. § 924(c)'s definition of a crime of violence was not unconstitutionally vague. That conclusion, we think, makes perfect sense because the statute at issue in *Taylor* is a criminal offense and creation of risk is an element of the crime. As the *Johnson* Court determined, no doubt should be cast upon laws that apply a qualitative risk standard to real-world facts or statutory elements. Unlike the ACCA and INA, which require a categorical approach to stale predicate convictions, 18 U.S.C. § 924(c) is a criminal offense that requires an

---

[3] The Court stated, "We acknowledge that the case for distinguishing § 924(c)(3)(B) is not altogether unconvincing, but conclude that, unless we hear differently from the Supreme Court in *Dimaya*, stare decisis and our recent precedents compel the conclusion that § 924(c)(3)(B) is unconstitutionally vague." *Id*. at 954.

ultimate determination of guilt beyond a reasonable doubt—by a jury, in the same proceeding. This makes all the difference.... As the Court made clear this term, the ACCA's vagueness rests in large part on its operation under the categorical approach." *Id*. (Internal quotations and citations omitted).

*See also United States v. Johnson*, 2017 WL 3531397, at *3–4 (E.D. Mich. 2017)("Accordingly, even if Defendant's convictions were not crimes of violence under the *elements clause* of Section 924(c)(3), Defendant's argument would still fail because under Sixth Circuit precedent *Johnson* did not invalidate the *residual clause* of Section 924(c)(3).")(Emphasis in original).

Likewise in this case, under Sixth Circuit precedent, the Supreme Court's decisions in *Johnson* and *Dimaya* cannot serve to invalidate Defendant's conviction under § 924(c). That being the case, the Supreme Court's June 26, 2015 decision in *Johnson* cannot serve as the time from which the statute of limitations runs under 28 U.S.C. § 2255(f)(3). Because the motion is time-barred, it should be denied. Moreover, under the Sixth Circuit's decisions in *Taylor* and *Shuti*, the motion would also be subject to denial on the merits.

### III. CONCLUSION

I recommend that Defendant's Motion to Vacate Sentence, filed under 28 U.S.C. § 2255 [Doc. #39], be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further

right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 15, 2018

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 15, 2018, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen